## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EKATERINA KONSHINA, | ) |
| | ) Judge William G. Young |
| Plaintiff, | ) |
| v. | ) Civ. No: 1:25-cv-10357-WGY |
| | ) |
| MARCO RUBIO, *in his official* | ) **PLAINTIFF'S MEMORANDUM IN** |
| *Capacity as Secretary of State, et al.,* | ) **OPPOSITION TO DEFENDANTS'** |
| | ) **MOTION TO DISMISS** |
| Defendants. | ) |
| | ) |

COMES NOW, Plaintiff Ekaterina Konshina, who respectfully submits this memorandum in opposition to the Defendants' Motion to Dismiss, and requests that this Court deny the motion based on the following:

### I.    Plaintiff Adopts the Defendants' Background Section

The Plaintiff adopts the Statutory and Regulatory Background and Factual and Procedural Background sections and information that was accurately provided in the Memorandum in Support of Defendants' Motion to Dismiss.  *See* ECF # 11, p. 2-4. The only portions of this background section that the Plaintiffs do not adopt by incorporation, are the discussions found on the middle and bottom half of page 3 (describing a 221(g) refusal of a visa application as "final"). *See* ECF #11, p. 3. The Plaintiff disputes the premise that a refusal under INA Section 221(g) is a final refusal, since, based on information and belief, as many as 90% or more of visa applications issued 221(g) refusals are eventually approved and result in the issuance of visas.[1] *See* 8 U.S.C. § 1201(g) and U.S. Department of State Webpage "Visa Denials," Exhibit 1.

---

[1] Plaintiffs propose extremely limited discovery on this issue – limited to one interrogatory requesting the Defendants to state the percentage of applications for U.S. visas, from 2000 to 2023, that were approved after issuance of a 221(g)-refusal.

**II.        221(g) Refusals are Not "With Prejudice" and Usually Result in Approvals**

Defendant U.S. Department of State's own website includes the following information

regarding 221(g) visa application refusals:

> If a consular officer finds you are not eligible to receive a visa under U.S. law, your visa application will be denied (refused), and **you will be provided a reason for the denial**. There are many reasons a visa applicant could be found ineligible for a visa. These reasons, called ineligibilities, are listed in the Immigration and Nationality Act (INA) and other immigration laws. Some ineligibilities can be overcome, either by you, the visa applicant, or the U.S. petitioner, in certain cases. Other ineligibilities are permanent…

> Here are some examples of visa ineligibilities, with INA references, which are explained further below.

> The visa applicant:

> - **Did not fully complete the visa application and/or provide all required supporting documentation – INA section 221(g)**

> What does a visa denial under INA section 221(g) mean?

> A visa denial under section 221(g) of the INA means that the consular officer did not have all of the information required to conclude you are eligible to receive a visa. This means you are not eligible for the visa now, for one of two reasons:

> - Your application is incomplete and/or further documentation is required –

> - Administrative processing – The consular officer could not conclude you were eligible for the visa sought and additional administrative processing of your application is required. You will be given a letter stating this; the embassy or consulate will contact you when the administrative processing is complete.

> Is there something I can do about a refusal under section 221(g)?

> ***

> If your application requires further administrative processing, this takes additional time after your interview. Processing times can vary based on individual circumstances…

*See* Exhibit 1 (emphasis added).

1

A review of the undisputed facts in this case is warranted and shows that:

1. Plaintiff is an international student who is completing her Optional Practical Training ("OPT") through Simmons University in Boston, Massachusetts and at the Dana-Farber Cancer Institute from June 8, 2024 to June 7, 2026.
2. Plaintiff was interviewed at the U.S. Embassy in Belgrade, Serbia, by a U.S. consular officer, on her DS-160 F-1 nonimmigrant visa application.
3. At the conclusion of her consular interview, Plaintiff was handed a 221(g) form.
4. Since October 2024, Plaintiff has remained in Russia waiting a decision on her F-1 visa application and has been unable to continue her OPT training at the Dana-Farber Cancer Institute in Boston.

*See* ECF #1, p. 2-3 and ECF #1-6, Exhibit C, ECF #1-7, Exhibit D, ECF #1-8, Exhibit E, ECF #1-9, Exhibit F, and ECF #1-10, Exhibit G.

Based on the facts above, drawn directly from the documents provided by Defendants in this case, it appears that Plaintiff provided extensive biographical information before, during, and after her DS-160 immigrant visa interview. What is unclear is if the 221(g) that was issued was for "additional documentation" or "administrative processing." In either situation, Plaintiff's F1 nonimmigrant visa applications may still be approved by the U.S. Embassy in Belgrade, and her F1 nonimmigrant visa issued to her. *See generally* Exhibit 1.

What is not clear, is how Defendant U.S. Department of State claims that 221(g) refusals are final adjudications and denials of visa applications, such that any delay in the visa process after a 221(g) refusal is issued is beyond judicial review. *See* ECF #11, p. 5-13. Several courts have reviewed and rejected the Defendants' attempt to place all 221(g) cases beyond the reach of U.S. courts. *See Farah Ahmed v. Blinken*, 24-153 (LLA), 2024 WL 4903771, *1-4 (D.D.C. Nov. 27, 2024) (Denying a motion to dismiss and refusing to apply the doctrine of consular nonreviewability after a 221(g) refusal and after noting that the visa application continued to be pending with the U.S. Embassy for five (5) years after the visa interview and issuance of the 221(g) refusal); *Sloan Beatris Arias v. Merrick Garland*, 696 F. Supp. 3d 531, 535 (W.D.A.R. 2023)

2

(Denying a motion to dismiss in part because the U.S. Embassy did not provide a facially legitimate and bona fide reason for the denial of the visa.); *Sarah Imad Maadarani v. Alejandro Mayorkas*, 2:24-cv-1325 DC SCR (PS), 2024 WL 4674703, *1 (E.D.C.A. Oct. 31, 2024) (Recommending the denial of the motion to dismiss and noting that the 221(g) "Refusal Worksheet" provided no reason for the application's refusal.); *Shavonn Orion D'Souza, et al. v. U.S. Department of State, et al.*, 1:24-cv-00717-SDG, ECF # 25 (N.D.G.A. Nov. 7, 2024) (Order on motion to dismiss requiring further briefing on whether 22 C.F.R. § 42.81(e) applies to a visa application after a 221(g) refusal is issued) (**Order attached as Exhibit 2**); *Mani Salarian, et al. v. Antony J. Blinken*, 3:23-cv-01315-LL-BGS, 2024 WL 4008758, *7 (S.D.CA. Aug. 30, 2024) (Denying motion to dismiss, refusing to apply the doctrine of consular nonreviewability, and finding that a determination of whether the delay in unreasonable is premature at the motion to dismiss stage of the proceeding.)

As explained further below, this Court should reject the Defendants' attempts to place the pace of processing beyond the jurisdiction of the federal courts by the mere invocation of the phrases "221(g)" and "doctrine of consular nonreviewability." *See* ECF #11, p. 5-13.

III.    **This Court has Subject Matter Jurisdiction**

a.    **Defendants have a clear and mandatory duty to act**

The statute at 8 U.S.C. § 1202(d) requires that "all nonimmigrant visa applications **shall** be reviewed **and adjudicated** by a consular officer." (Emphasis added). Congress's use of the word "shall" imposes a mandatory non-ministerial duty on consular officers to review, adjudicate, and issue visas. *Sierra Club v. E.P.A.*, 705 F.3d 458, 467 (D.C. Cir. 2013) ("the word 'shall' ... evidences a clear legislative mandate…") Courts have identified 8 U.S.C. § 1202 (b) and (d) as creating a duty to adjudicate visa applications to finality. *Rai v. Biden*, 567 F. Supp. 3d 180, 195 (D.D.C. 2021); *Gomez v. Trump, 48*, 5 F. Supp. 3d 145, 198 n.23 (D.D.C. 2020) (same); *Anid*

3

*lnfosoft LLC v. Blinken,* No 1:22-cv-4721, 2023 WL 7312488, at *4 (N.D. Ga. Nov. 3, 2023) (same).

At issue here is what it means to "adjudicate" a visa application.  Defendants argue that Plaintiff's visa application was adjudicated when the consular officer issued a 221(g)-refusal notice after her visa interview.  However, the inquiry cannot logically end there.  A temporary refusal, as further explained below, does not satisfy the duty to review *and adjudicate* as required by the unequivocal command of 8 U.S.C. § 1202(d).

Notably, the recent Supreme Court decision in *Loper Bright* is relevant to the dispute over the statutory interpretation at issue here. To the extent 8 U.S.C. § 1202(d) is ambiguous as to what it means to "adjudicate" a visa application, the Defendants are not entitled to deference. *Loper Bright* held that "The Administrative Procedure Act (APA) of 1946 requires courts to 'decide all relevant questions of law' when reviewing agency actions. This means courts should use their own judgment to interpret laws, not defer to agencies' interpretations." *Loper Bright Enters. v. Raimondo*, 544 F. Supp. 3d 82 (D.D.C. 2021) (Overruling *Chevron* deference). The cases relied upon by Defendants in their motion to dismiss were mostly decided before *Loper Bright*.

Here, the statute is ambiguous and thus the Defendants' interpretation is owed no deference. Upon objective review, it is clear that while "review" may have taken place during the interview (and remains ongoing while administrative processing is underway) there has clearly been no "adjudication" within either the legal or practical meaning of the term.  To "adjudicate" means "To settle in the exercise of judicial authority. To determine finally. Synonymous with adjudge in its strictest sense." *United States v. Irwin*, 127 U.S. 125, 8 Sup. Ct. 1033, 32 L. Ed. 99; *Street v. Benner*. 20 Fla. 700; *Sans v. New York*, 31 Misc. Rep. 559, 04 N. Y. Supp. 081.[2]

---

[2] The Law Dictionary: https://thelawdictionary.org/adjudicate/

4

Plaintiff has plausibly alleged that the mandatory review and adjudication is not complete because her visa application is pending further administrative processing. Defendants do not dispute that Plaintiff's visa application is still pending further administrative processing. However, Defendants contend that because the Department is not subject to statutory or regulatory provisions that mandate *time limits* for consular processing, it is not subject to a mandatory duty within the meaning of 5 U.S.C. § 706(1). However, a mandatory duty to act may exist without a mandatory deadline. If that were not so, 5 U.S.C. § 706(1)'s unreasonable delay prong would be superfluous; in contrast to actions alleging unlawful withholding, actions alleging unreasonable delay by definition involve situations where an agency has a mandatory duty, but has not violated a mandatory deadline. *See Bushue Or. Nat. Desert Ass'n v. Bushue*, 644 F. Supp. 3d 813 (D. Or. 2022) (denying relief under § 706(1)'s "unlawfully withheld" prong because the agency was not subject to a binding deadline, but nevertheless providing relief under 706(1)'s "unreasonable delay" prong).

### b.  Defendants' mandatory duty to act has not been discharged

Defendants argue that the fact that additional action may be taken after a 221(g)-refusal does not impact its finality. However, the Supreme Court has defined what constitutes "final" agency action. Two conditions must be met: "First, the action must mark the 'consummation' of the agency's decision making process - it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997). If there had been a final determination of ineligibility, Defendant U.S. Embassy was obligated to give Plaintiff a refusal notice stating one of the substantive ineligibility grounds and informing them of any waiver available. Applying the *Bennett* criteria, neither of the

5

prongs are met here since there has been no consummation or decision from which legal consequences will flow (i.e. no determination of ineligibility that would trigger waiver eligibility or the need to file a new application and pay a new application fee.

The government's assertion that it fulfilled its mandatory duty to adjudicate Plaintiff's visa application through issuance of a 221(g)-refusal notice relies upon its mischaracterization of the procedural term "refusal" that is ultimately unsupported by the Immigration and Nationality Act ("INA") and has been rejected by most courts. Defendants' position is also not supported by its own communication to Plaintiff on that day, or any other action it has taken since that day. Defendants' characterization of the continued processing of the visa application as "voluntary" is also unsupported by the INA or the regulations it relies upon.

Defendants' reliance on INA §221(g) [8 U.S.C. §1201(g)] as an independent legal ground for a visa application denial ignores the plain meaning of that provision, the overall statutory scheme of the INA and ultimately seeks to couch the poorly chosen procedural term ("refusal") as a final merits determination of visa ineligibility, effectively giving the U.S. State Dept. what Judge Moss aptly termed a "get-out-of-review-free-card, that regardless of substance, satisfies the consular officer's duty… to render a timely decision on the application." *Janay v. Blinken,* No. Civ. A. 23-3737 (D.D.C. July 16, 2024) *(citation omitted)*.

Section §221(g) states:

> "*Nonissuance of visas or other documents.* No visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is *ineligible to receive a visa* or such other documentation *under section 1182* [INA 212] *of this title, or any other provision of law*…" (emphasis added).

The unambiguous text of the statute draws a distinction between the procedural action of "non-issuance of a document" (poorly termed in 22 C.F.R. §42.81 as "refusal") when it directs

6

consular officers to look outside of §221(g), to section 1182 [INA §212] or any other provision of law for whether the applicant is *eligible* for the visa. Therefore, §221(g) is simply not a basis to determine substantive eligibility (actual ineligibility grounds are listed in Section 1182 not 1202(g)). "The words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Sturgeon v. Frost*, 577 U.S. 424, 438, 136 S. Ct. 1061, 194 L. Ed. 2d 108 (2016). When considering the overall statutory scheme of the INA, Section 212, titled: "Excludable Aliens, appears in Chapter 2, titled "Admission Qualifications for Aliens," subsection (a) is titled "Classes of aliens ineligible for visas or admissions." Chapter 2 of the INA addresses *substantive grounds of eligibility* for admission to the USA where, by contrast, Section 221 appears in Chapter 3, which details *procedures* for visa issuance or non-issuance. Chapter 3, titled "Issuance of Entry Documents," contains Section 221, titled "Issuance of Visas and subsection (g) is titled "non issuance of visas or other documents." The overall scheme of the statute informs us that a visa "refusal" is a procedural posture of a visa application that is separate from a determination of *eligibility* under the grounds listed in Section 1182 (INA 212).

Therefore, without reference to a specific eligibility requirement as mandated by INA §212(b)(1) which lists requirements for "*notices of denials,*" and when coupled with communications from consular officers that administrative processing is still underway, the visa application cannot be deemed finally denied because the statutory scheme imposes a duty on the State Deptartment to deem an applicant eligible or not. *See:* INA §104(a). So does 22 C.F.R. §41.121(b)(1), *Refusal procedure. "*When a consular officer knows or has reason to believe a visa applicant is ineligible and refuses the issuance of a visa, he or she must inform the alien of the *ground(s) of ineligibility…*" As correctly pointed out by Judge Moss, a visa application refused

7

under §221(g) for continued administrative processing "has only been 'refused' in the far-from-literal sense that it has not yet been 'granted' or "'denied.'" *Janay v. Blinken, supra.*, \*8.

The Defendants rely heavily on *Karimova* from the D.C. Circuit, but their reliance is once again misplaced.   First, *Karimova* is an unpublished decision, and while D.C. Circuit Rule 32.1(b)(1)(B) states that unpublished decisions "may be cited as precedent," D.C. Circuit Rule 36(e)(2) conversely provides that "a panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition."  Any logical reading of the rules can lead to only one conclusion – while *Karimova* "*may* be cited as precedent" in D.C., it is clearly cited as persuasive and not binding – certainly not binding on the Court here. In fact, Courts within the DC circuit have continued to find a mandatory duty to adjudicate a visa application after a 221(g) refusal, declining to adopt the reasoning in *Karimova*. *See Hamdan v. Oudkirk*, Civil Action 24-1001 (BAH) (D.D.C. Oct. 23, 2024); *Ali v. Sanders*, Civil Action 23-3595 (BAH) (D.D.C. Aug. 26, 2024).   See also *Ahmed v. Blinken*, Civil Action 24-153 (LLA) (D.D.C. Nov. 27, 2024), (denying the Defendant's motion to dismiss the Plaintiff's complaint for a B1/B2 visa application subject to 221(g) refusal for further administrative processing and declining to follow the holding in *Karimova*.) The Court should do the same here.

As a U.S. District Court for the District of Minnesota noted just a few months ago:

> It appears that the *Karmiova* court reached that conclusion based primarily on the provisions of the State Department's Foreign Affairs Manual…However it is far from clear whether the Foreign Affairs Manual has any legally binding effect, and *Karimova* does not illustrate how the interpretation reflected in the Manual is consistent with the language of any Act of Congress.  *Cf. Loper Bright Enterprises v. Raimondo,* 144 S.Ct. 2244 (2024) (overruling *Chevron U.S.A. Inc v. Natural Resources Defense Council*, *Inc.*, 467 U.S. 837(1984) and emphasizing that courts are obligated to declare what the law is without deferring to agency's interpretations of ambiguous laws.

*Ifrah Muhumed Awal v. United State Dep't of State, et al.*, 24-cv-382 (KMM/ECW), 2024 WL 4979661, at *8 (D. Minn. Dec. 4, 2024).

Furthermore, the holding in *Karimova* was limited to the case before it, where the Plaintiff argued a mandatory duty under APA 555(b) and *only* 555(b). The plaintiff in that case failed to identify a separate statutory or regulatory basis for the mandatory duty to adjudicate the application at issue, which is distinguishable from the Plaintiffs' claims here. Here, the Plaintiffs have identified several sources of mandatory duty aside from the general directive of Section 555(b). However, even if they had not, courts have found the general directive of Section 555(b) to be enough, even after *Karimova*. *See Omar et al v. Blinken et al*, 756 F. Supp. 3d 520, 534 (S.D. Ohio, November 15, 2024) ("After undertaking an extensive review of the cases addressing this issue, the Court finds that the APA's general duty for administrative agencies to pass upon a matter presented to them adequately creates a nondiscretionary action requirement.") *See e.g.*, *Akhter v. Blinken*, No. 2:23-cv-1374, 2024 WL 1173905, at *4 (S. D. Ohio Mar. 19, 2024) (finding 5 U.S.C. § 555(b) created nondiscretionary duty to adjudicate visa petitions within a reasonable time")). Like in *Omar*, Plaintiff here has alleged both a statutory duty to adjudicate as well as the general duty of reasonableness under the APA's general reasonableness directive of Section 555(b).

Thus, Plaintiff here specifically challenges Defendants' failure to issue a ***final*** **decision** on her F1 visa application. As Defendants have made clear, there has not yet been any merits decisions on her visa application, much less decisions that are final. A case is only moot if, assuming the plaintiff prevails, "it is impossible for a court to grant any effectual relief whatever." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). As long as the parties have a concrete interest, **however small**, in the outcome of the litigation, the case is not moot." *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984) (emphasis added). If there is

"any chance" that relief will be effective in securing what she seeks, she has an interest in obtaining it. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019). Here, the Court could order the Defendants to complete the administrative processing more quickly, which is the precise relief the Plaintiff is asking for. In similar cases, courts have rejected the Defendants mootness arguments, see *Taherian v. Blinken*, 2024 WL 1652625 at *3; *Sharifi v. Blinken*, 2024 WL 1798185 at *3 ("[T]his nominal 'refusal' does not constitute a final agency action. Since Mahin's visa application has not yet been finally resolved, Plaintiff's complaint is not mooted by USCIS's purported 'refusal' pursuant to Section 221(g). Therefore, the Government's motion to dismiss on mootness grounds is denied.") *Rafieikhajegini v. United States Dep't of State*, No. CV-23-01972-PHX-DWL, at *6-7 (D. Ariz. May 21, 2024)."

Like the cases cited above, this Court should find that Plaintiff's claims are not moot and that a 221(g)-refusal does not satisfy the mandatory duty to adjudicate a visa application – any other interpretation would "produce absurd results." *See Sheikhalizadehjahed v. Gaudiosi*, No. 2:24-cv-1136 SCR, 2024 WL 4505648, at *7 (E.D. Cal. Oct. 16, 2024) ("The initial refusal of Plaintiff's father's visa application while placing it in "administrative processing" does not dispense with this duty because there has been no final adjudication. Any other conclusion about § 1202(b) and circumstances like these would allow DOS to evade any judicial review of delayed adjudications by issuing *pro forma* refusals while continuing to administratively process cases. The Court is unwilling to adopt "statutory interpretations which would produce absurd results." *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1184 (9th Cir. 2010)").

Finally, as another court so succinctly noted, "[I]nterpreting the refusal-for-administrative-processing approach to be the conclusion of the matter before the agency has the potential to shield from judicial review unreasonable delays that are prohibited by the APA. If the

10

approach in cases like this constitutes a final agency action, the State Department could refuse every visa application for arbitrary reasons, place them into the administrative processing queue, and then take far more time than is reasonable to adjudicate the petition. Nothing in the INA or the relevant implementing regulations suggests that Congress intended such a result." *Awal v. United States Dep't of State*, 24-cv-382 (KMM/ECW), 2024 WL 4979661 at \*9 (D. Minn. Dec. 4, 2024).

### IV.      Consular Nonreviewability is Inapplicable

The Supreme Court in *Munoz* clarified that the doctrine of consular nonreviewability is non-jurisdictional. Furthermore, the Supreme Court decision of *U.S. Dep't of State v. Muñoz*, 144 S. Ct. 1812, 1820 (2024) does not disturb this court's jurisdiction since that case involved a substantive refusal and not a procedural one. Post-*Muñoz* courts have held the same. *See Janay v. Blinken, supra.*, explaining that plaintiff did not ask the court to "look behind the consular officer's discretion to grant or deny Sheikh's visa application. They merely sought a decision – one way or the other – and *Muñoz* does not speak to the Court's authority to grant that relief." *See also Fimbres v. Cohan*, No. CV 23-00562- TUC-MAA, 2024 WL 3535402, at \*3 (D. Ariz. July 25, 2024), holding that administrative processing coupled with a 221(g) refusal is not a final decision precluding judicial review.  Nothing in *Muñoz* interferes with the strong presumption that Congress intends judicial review of administrative inaction.  *Omar v. Blinken*, 756 F. Supp. 3d 520, 537 (S.D. Ohio Nov. 15, 2024) (Motion to dismiss denied for an immigrant visa application pending further administrative processing under 221(g)).

In *Baaghil v. Miller*, 1 F.4th 472, 434 (6th Cir. 2021), there was a specific determination by the consular officer regarding the marital relationship for which the officer had sent the petition back to USCIS for review and revocation. Once the officer made that **substantive determination**

11

of ineligibility, he could do nothing further with the application unless USCIS affirmed the petition and sent it back to the embassy again.  Thus, at the time of the ruling in *Baaghil*, the matter was moot as there was no further action the consular officer could possibly take. That is distinguishable from the Plaintiff's application here, which has been deferred for decision until the administrative processing is complete.

Indeed, the majority of Courts have recognized that "where the application is still undergoing administrative processing, even where a refusal has been relayed, the decision is not final," and thus "claims alleging unreasonable delay while a case remains suspended in 'administrative processing' are not barred by the doctrine of consular nonreviewability." *Alwan v. Risch*, No. 2:18-CV-0073, 2019 WL 1427909, at *4 (S.D. Ohio Mar. 29, 2019) (concluding that no final decision had been made when "applications [were] still entrenched in 'administrative processing'"); *Igal v. The U.S. Consulate Gen. in Johannesburg*, Civil Action 2:23-cv-4160, 2024 WL 2882653 (S.D. Ohio June 7, 2024); *Ghadami v. U.S. Dep't of Homeland Sec.*, No. 19-cv-00397 (ABJ), 2020 WL 1308376, at *5 (D.D.C. Mar. 19, 2020); *see Vulupala v. Barr*, 2020 WL 601887, at *3–6 (concluding that doctrine of consular nonreviewability did not apply to review of application in "administrative processing"); *Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Pompeo*, 18-cv-01388 (TSC), 2019 WL 367841, at *10 (D.D.C. Jan. 30, 2019) ("[A]dministrative processing is not a final adjudication but a mandatory intermediate step."); *Nine Iraqi Allies*, 168 F. Supp. 3d at 284-85, 287 (D.D.C. 2016) ("[A]ny Plaintiff with an application in 'administrative processing' has not yet received a final decision."); *Mohamed v. Pompeo*, No. 1:19-cv-01345-LJO-SKO, 2019 WL 4734927, at *4 (E.D. Cal. Sept. 27, 2019) ("This Court . . . finds persuasive the reasoning of other Courts that have found the 'administrative processing' designation insufficient to constitute a refusal."); *Saleh v. Tillerson*,

293 F. Supp. 3d 419, 431 (S.D.N.Y. 2018) ("[A] visa that is in 'administrative processing' cannot be said to have received final approval."); *see also, e.g.*, *P.K. v. Tillerson*, 302 F. Supp. 3d 1 (D.D.C. 2017) (citing communication indicating that applications were in "administrative processing" as among evidence that "strongly suggest[ed] that Plaintiff's visa applications ha[d] not been finally refused"); *Assad v. Holder*, 2:13-00117 (WJM), 2013 WL 5935631, at *4 (D.N.J. Nov. 1, 2013) (determining that "administrative review" language in letter "clearly indicate[d] that the decision on [plaintiff's] visa [was] still pending and not final"); *Schutz v. Secretary, Dep't of State*, No. 6:11-cv-1296-Orl-31DAB, 2012 WL 275521, at *2–3 (M.D. Fla. Jan. 31, 2012) (finding document that reported an application was in "administrative processing," *id.* at *2, as "most reasonably interpreted as a notice that the ultimate decision ha[d] not yet been made," *id.* at *3); *Vulupala v. Barr,* 438 F. Supp. 3d 93, 98-99 (D.D.C. 2020); *Al-Gharawy v. United States Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 11-16 (D.D.C. 2022).   The reasoning in these cases is persuasive. "By consigning applicants to 'administrative processing,' the Government endeavor[s] to enjoy the benefits of consular nonreviewability" without actually issuing final decisions. *Nine Iraqi Allies*, 168 F. Supp. 3d 268, 289 (D.D.C. 2016). "The Government cannot have it both ways." *Id.; Ibrahim v. U.S. Dep't of State*, Civil Action No. 19-610 (BAH), 2020 WL 1703892, at *9-10 (D.D.C. Apr. 8, 2020); *see also Al-Gharawy v. United States Dep't of Homeland Sec.*, 617 F. Supp. 3d at 16-17 (D.D.C. 2022).

### V.    Disposition of Unreasonable Delay Claims is Inappropriate at this Stage

As assessment of whether the agency's delay is unreasonable is a question of fact that must be decided by this Court in a merits proceeding on the underlying complaint, rather than on a motion to dismiss. Indeed, there is a growing chorus of decisions declining to grant motions to dismiss in unreasonable delay cases such as this, finding that discovery is critical to understanding

the reasonableness, or lack thereof, of any delay. *See Bustos v. Mayorkas*, CV 20-1348 KG/SMV, 2021 WL 3931173, *8 (D.N.M. Sept. 2, 2021 ("The Court concurs with Defendants that the TRAC factors provide helpful guidance to a court but finds that it is too early in the proceedings for them to be of use. Most of the TRAC factors require a court to go beyond the allegations in the Complaint and make factual findings about matters outside of the pleadings."); *Tista v. Jaddou*, 577 F. Supp. 3d 1219, 1229 (D.NM. 2021) (Same); *Yu v. Brown*, 36 F. Supp. 2d 922, 935 (D.N.M. 1999) (Denying motion to dismiss and noting that, "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case."); *Zunier v. Blinken*, Case No. 3:22-cv-217-WHR-CHG at *11 (S.D. Ohio Sept 22, 2023), *Mahmood v. Blinken*, No. 23-1596, 2023 WL 6323796 (E.D. Pa. Sep. 28, 2023); *Taherian v. Blinken*, No. 23-cv-1927-CJC-ADS, 2024 WL 1652625 (C.D. Ca., Jan 16, 2024); *Li v. Blinken,* No. 8:23-cv-2142-DOC-KES, 2024 WL 2107341 (C.D. Cal. Apr. 4, 2024); *Akbar v. Blinken*, No. 23-cv-1054-LL-BLM, 2023 WL 8722119, at *8 (S.D. Cal Dec 18, 2023); *Akhter v. Blinken*, 2:23-cv-1374, 2024 WL 1173905 (S.D. Ohio Mar. 19, 2024); *Rufayda Abdalla Omar v. Blinken*, 3:24-cv-60, 2024 WL 4803847 (S.D. Ohio Nov. 15, 2024); *Barrios Garcia v. U.S. Dep't of Homeland Sec.,* 25 F.4th 430, 454-55 (6th Cir. 2022).

As the *Omar* Court noted, "this Court heeds the advice provided by the Sixth Circuit. While it remains possible that the evidence will show that the delay is reasonable, there is little for the Court to rely on at this point to adequately judge whether the passage of time could sustain a claim of unreasonable delay as to the Form 1-130. Only discovery will make that clear." *See Rufayda Abdalla Omar v. Blinken*, 2024 WL 4803847 at *10.

14

## VI.    Conclusion

For the reasons stated above, this Court should find that (1) the doctrine of consular nonreviewability does not apply where the U.S. Department of State and its agents have not identified a substantive reason for the denial or refusal of a visa application, (2) that the Plaintiffs have sufficiently pled claims for relief that survive review under Federal Rule of Civil Procedure 12(b)(6), and (3) that conducting *TRAC* analysis of the reasonableness of the delay alleged here is premature as the factual record in this matter has not been developed yet (and the Defendants have not produced a certified administrative record for this Court and the parties to analyze). As such, consideration of the Defendants' arguments under FRCP 12(b)(6) are premature. Plaintiff respectfully requests that this Court deny the Defendants' Motion to Dismiss her complaint. Should this Court grant the Defendants' Motion, the Plaintiff requests leave to file an Amended Complaint.

Date: May 5, 2025                                Respectfully submitted,


*/s/Anthony Drago, Jr.*                          */s/ Brian Scott Green*
ANTHONY DRAGO, JR.                               *BRIAN SCOTT GREEN
Massachusetts Bar ID # 552437                    Colorado State Bar ID # 56087
Anthony Drago, Jr. P.C.                           Law Office of Brian Green
88 Broad Street – 5th Floor                       9609 S University Boulevard, #630084
Boston, MA 02110                                  Highlands Ranch, CO 80130
Tel: (617) 357-0400                               Tel: (443) 799-4225
Fax: (617) 357-8353                               BrianGreen@greenUSimmigration.com
Anthony@adragopc.com                              Admitted *pro hac vice*

*Attorneys for the Plaintiff*

15