UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EKATERINA KONSHINA,<br><br>    Plaintiff,<br><br>     v.<br><br>MARCO RUBIO, Secretary of State,<br>PAMELA BONDI, Attorney General<br>of the United States,<br>KRISTI NOEM, Secretary, U.S.<br>Department of Homeland Security,<br>CHRISTOPHER LANDAU, Deputy<br>Secretary of State, U.S.<br>Department of State,<br>JULIE M. STUFFT, Senior Bureau<br>Official, Bureau of Consular<br>Affairs, U.S. Department of State,<br>RICHARD C. VISEK, Acting Legal<br>Adviser, U.S. Department of State,<br>ALEXANDER TITOLO, Charge<br>d'Affaires, U.S. Embassy in<br>Belgrade, Serbia,<br>NICOLAS HELTZEL, Chief, Consular<br>Section, U.S. Embassy in<br>Belgrade, Serbia,<br><br>    Defendants. | CIVIL ACTION<br>NO. 25-10357-WGY |

YOUNG, D.J.                                    December 22, 2025

**MEMORANDUM AND ORDER**

In this action, the Plaintiff Ekaterina Konshina

("Konshina"), a Russian citizen, appeared for an "F-1" visa

interview at the United States Embassy in Belgrade, Serbia on

October 28, 2024.  As a result of the interview, the consular

officer provided a Form 221(g) to Konshina.  That form notified

Konshina that her visa application was refused, and placed into
"administrative processing."  To date -- a year later -- nothing
further has occurred.  The Defendants Marco Rubio, Pam Bondi,
Kristi Noem, Christopher Landau, Julie Stufft, Richard Visek,
Alexander Titolo, and Nicholas Heltzel are each sued in their
official capacity (collectively, "the Public Officials"), for
unreasonable delay under the Administrative Procedure Act.  The
Public Officals moved to dismiss, which is opposed.  After
hearing, and considering the parties' submissions, the motion,
ECF No. 10, is <u>ALLOWED</u> and the action is <u>DISMISSED</u> without
prejudice because the elapsed time in light of the factors
discussed below is not unreasonable as matter of law.

## I. INTRODUCTION

### A.    Procedural History

This action was filed on February 11, 2025.  Compl., ECF
No. 1.  On April 21, 2025, the Public Officials filed their
motion to dismiss, with supporting memorandum of law.  Defs.'
Mot. Dismiss ("the Motion" or "Mot."), ECF No. 10; Defs.' Mem.
Supp. Defs.' Mot. Dismiss ("Defs.' Mem."), ECF No. 11.  Konshina
filed her opposition on May 5, 2025.  Pl.'s Mem. Opp. Defs.'
Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 14.  The Court held a
hearing on June 26, 2025 and, with agreement of the parties
continued the matter without decision until September 30, 2025.
Elec. Clerk's Notes, ECF No. 18.  The parties filed supplemental

filings on August 22, 2025 and September 15, 2025, respectively. Notice of Suppl. Facts, ECF No. 19; Defs.' Notice of Suppl. Authorities, ECF No. 20.

### B. Facts Alleged

The facts are undisputed.  On October 28, 2024, Konshina appeared for an F-1 visa interview at the United States Embassy in Belgrade, Serbia.  As a result of the interview, Konshina was provided a Form 221(g), noting that her visa application was placed into "administrative processing," in both the original and its translated versions.  See Compl., Ex. A, ECF No. 1-4. The administrative processing has not been completed.  One communication from the Belgrade Embassy claims that Konshina's application is still undergoing processing and that the case is not concluded.  Id., Ex. F at 2, ECF No. 1-9.  Just over 13 months have elapsed since the consular action placed this visa application into administrative processing.

## II. ANALYSIS

Konshina brings two counts in her complaint.  As to Count I, she asserts a delay claim in violation of 5 U.S.C. § 555(b), which requires the government to conclude matters presented to them within a "reasonable time", ostensibly under the Administrative Procedure Act, 5 U.S.C. § 706(1).  Compl. ¶¶ 44-55.  As to Count II, Konshina seeks mandamus, pursuant to 28

U.S.C. § 1361, to compel the government to perform their duty to complete their review.  Id. ¶¶ 56 – 66.

The Public Officials move to dismiss, arguing that the consular nonreviewability doctrine shields the action, that placing the matter into administrative processing constitutes final action and there is therefore, no delay and that, even on the merits, the delay is insufficiently long to be considered unreasonable.  Mot. 1-2.

### A.  Doctrine of Consular Non-reviewability Likely Does Not Bar Review

"The Immigration and Nationality Act (INA) does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions." Dept. of State v. Munoz, 144 S. Ct. 1812, 1820 (2024) (footnote omitted).  "This principle is known as the doctrine of consular nonreviewability." Id.  The Public Officials argue that "with [Konshina's] visa application adjudicated and refused, and with no law that provides authorization to allow the Court to review the visa refusal, [Konshina's] claim is nonjusticiable." Defs.' Mem. 11.  In this district, there is a split on this issue with respect to whether administrative processing is final action.  As another session of this Court wrote recently, "[a]t issue here . . .  is not whether the Court can review a final visa adjudication, but

[4]

rather whether the Court can compel Defendants to adjudicate a visa application during administrative processing." Ahadian v. Rubio, No. 24-CV-12168-ADB, 2025 WL 1617224, at *6 (D. Mass. June 6, 2025) (Burroughs, J.) (collecting cases). As that court observed, where there is a split of district court persuasive authority, and an absence of guidance from the Supreme Court and First Circuit, the court "assume[d] that the consular nonreviewability doctrine does not bar judicial review of Plaintiffs' claims to compel agency action under the APA." Id. (citing Conley v. U.S. Dep't of State, 731 F. Supp. 3d 104, 110 (D. Mass. 2024) (Saylor, J.)). This Court adopts this approach as well, and presumes without ruling that the doctrine of consular nonreviewability does not apply where the delay as alleged is not unreasonable.

The First Circuit has, recently, found that the doctrine of consular nonreviewability did not preclude judicial review of a different non-final visa determination. Teles de Menezes v. Rubio, 156 F.4th 1, n.3 (1st Cir. 2025). While acknowledging that "[a] consular officer's decision 'to admit or to exclude an alien' is generally 'final and conclusive,'" Id. at 9 (citing Munoz, 144 S. Ct. at 1820), the First Circuit found a consular officer's classification action -- which resulted in a delay of a visa application -- properly reviewable. Id. at 9-10.

**B.    Administrative Processing Status Likely can Sustain an Unreasonable Delay Claim**

"Neither the Supreme Court nor the First Circuit has addressed whether the allegation that a visa application was placed under 'administrative processing' can sustain an unreasonable delay claim." Taha v. Blinken, 765 F. Supp. 3d 91, 95 (D. Mass. 2025) (Gorton, J.). Courts in this district are split. Compare Taha 765 F. Supp. at 95 (administrative processing subject to consular nonreviewability doctrine); Conley, 731 F. Supp. 3d at 111 (same) with Ahadian, 2025 WL 1617224, at *6 (presuming administrative processing not subject to consular nonreviewability doctrine); Mustafin v. Rubio, No. 24-CV-12484-ADB, 2025 WL 1594754, at *5 (D. Mass. June 5, 2025) (Burroughs, J.) (same); Manshadi v. Allen, No. 24-CV-10118-ADB, 2025 WL 524173, at *4 (D. Mass. Feb. 18, 2025) (Burroughs, J.) (same); Ghannad-Rezaie v. Laitinen, 757 F. Supp. 3d 148, 153–54 (D. Mass. 2024) (Saris, J.) (consular nonreviewability doctrine inapplicable). This Court need not decide, but concludes only for purposes of this motion that "administrative processing" is subject to an unreasonable delay claim under the APA.

**C.    Unreasonable Delay**

Even presuming without ruling that the doctrine of consular non—reviewability does apply, and that placing Konshina's visa application into administrative processing limbo is not final

[6]

action under the APA, the claim fails on the merits because the delay here is not unreasonable as matter of law.  The Court analyzes the issue under the six-factor test in Telecommunications Rsch. & Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984), the TRAC factors, which are:

> (1) agencies must make decisions under a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that may supply content for this rule of reason;
>
> (3) delay that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the effect of expedition on agency activities of a higher or competing priority;
>
> (5) the nature and extent of the interests prejudiced by delay; and
>
> (6) impropriety is not a prerequisite to unreasonable delay.

See id.

Konshina argues that a TRAC factor analysis is inappropriate at the motion to dismiss stage, citing to out-of-circuit cases for the proposition that the TRAC factor analysis ought not be determined at the motion to dismiss stage.  Pl.'s Opp'n. 13-14 (citing, e.g., Bustos v. Mayorkas, CV 20-1348 KG/SMV, 2021 WL 3931173, *8 (D.N.M. Sept. 2, 2021) ("The Court concurs with Defendants that the TRAC factors provide helpful

guidance to a court but finds that it is too early in the proceedings for them to be of use. Most of the TRAC factors require a court to go beyond the allegations in the Complaint and make factual findings about matters outside of the pleadings.").

As the Public Officials persuasively argue, however, courts in **this** district routinely apply the TRAC factor test to the allegations in the complaint. Defs.' Mem. 14 n. 3 (citing Celebi v. Mayorkas, 744 F. Supp. 3d 100, 105 (D. Mass. 2024) (Gorton, J.)). See also Novack v. Miller, 727 F. Supp. 3d 70, 76-78 (D. Mass. 2024) (Kelley, J.) (unreasonable delay claim); Tang v. United States, No. CV 23-13187-RGS, 2024 WL 1836624, at *1 (D. Mass. Apr. 26, 2024) (Stearns, J.) (same). Indeed, the cases in this district that have addressed the issue in this action appear uniformly to reject Konshina's prematurity argument, and instead address the TRAC factors to the well-pleaded factual allegations of the complaint. See Ahadian, 2025 WL 1617224, at *7; Mustafin, 2025 WL 1594754, at *6; Ghannad-Rezaie, 757 F. Supp. 3d at 154-55. This Court finds the above cases persuasive, and follows that procedure here.

All of the TRAC factors favor a finding that the delay is not unreasonable. As to the first two factors, rule of reason and guidance related thereto, these factors favor the Public Officials. The Public Officials acknowledge a rule of reason

applies, and that typically means a first in, first out policy. They further argue that there is no statutory timeframe, and that the 180 day statute argued by Konshina is precatory, and therefore not determinative. Defs.' Mem. 15. As Judge Burroughs recently ruled, "[a]s to the first factor, for visa applications, courts have generally found that an agency's process is governed by a 'rule of reason,' namely adjudicating them 'in the order they were filed.'" Manshadi, 2025 WL 524173, at *5 (citation omitted). As for the second factor, "although Congress has a stated policy on the timing of visa applications to the effect that '[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application,' 8 U.S.C. § 1571(b), courts have interpreted § 1571(b) as nonbinding on agencies." Manshadi, 2025 WL 524173, at *5 (citations omitted). This Court agrees. Factors one and two favor the Public Officials.

As for factors 3 and 5, the types of hardships alleged by Konshina, here general allegations of injuries personally, professionally, educationally, financially, medically, and emotionally, see Compl. ¶ 66, are garden variety hardships typical to F-1 visa applicants, and not the types of hardship that weigh in her favor. See Defs.' Mem. 16-17 (collecting cases).

[9]

As for factor 4, there is no information in the complaint that bears on this factor.  Similarly, as for the final factor, there is no allegation of bad faith or impropriety.

All factors balance in favor of the Public Officials.  The length of time itself is not determinative, and it is not insignificant to Konshina, but there are no facts alleged plausibly here to warrant a conclusion that the one year delay is unreasonable as matter of law.

## III. CONCLUSION

For the reasons stated above, the motion to dismiss, ECF No. 10, is ALLOWED and the action is DISMISSED without prejudice.  See e.g., Ahadian, 2025 WL 1617224, at *7; Mustafin, 2025 WL 1594754, at *9; Ghannad-Rezaie, 757 F. Supp. 3d at 154-55.  The Clerk is directed to enter a separate order of dismissal without prejudice.

**SO ORDERED.**

*William G. Young*
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 47 years.